# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CHAD DOUGLAS MANUEL,

        Petitioner,

v.                                                                                Case No. 11-CV-122
                                                                                                   (04-CR-93)

UNITED STATES OF AMERICA,

        Respondent.

_____

# ORDER

On September 9, 2004, this court sentenced the petitioner, Chad Douglas Manuel ("Manuel") to a term of 180 months after Mr. Manuel plead guilty to one count of unlawfully transporting firearms in violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Docket #13). Manuel's sentence was the product of the Armed Career Criminal Act ("ACCA"), which requires the imposition of a minimum mandatory sentence of 180 months where the defendant stands convicted of a violation of 18 U.S.C. § 922(g) and at the same time has "three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Mr. Manuel's plea agreement noted three prior offenses that he committed that each constituted a "violent felony" within the meaning of the ACCA: (1) burglary occurring in 1988; (2) second degree reckless homicide while armed occurring in 1994; and (3) fleeing and eluding an officer while operating a vehicle occurring in 2001. (Case 04-CR-93 Docket #10 ¶ 2). On January 31, 2011, the petitioner filed a motion to vacate, set aside, or correct the

sentence he is serving, pursuant to 28 U.S.C. § 2255, arguing that recent Seventh Circuit case law had determined that Mr. Manuel's 2001 crime of fleeing and eluding an officer while operating a vehicle was not a violent felony, warranting resentencing. (Docket #1). As Mr. Manuel has misread the relevant case law, the court will dismiss his petition.

With respect to the crime of fleeing and eluding a police officer while operating a vehicle, public records confirm that Mr. Manuel was convicted for violating Wis. Stat. § 346.04 in a Milwaukee County Court in November of 2001. Wis. Stat. § 346.04 makes it a crime for an "operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle," to "knowingly flee or attempt to elude any traffic officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians." In his petition and in his memorandum of support, Mr. Manuel argues that the Seventh Circuit in *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010), held that "aggravated fleeing and attempting to elude a police office [sic] . . . is not a predicate offense for the purposes of the ACCA." (Pet'r's Mem. at 2).

Mr. Manuel's reading of the case law is simply wrong. The *Welch* court held that "intentional vehicular fleeing is a violent felony within the meaning of the ACCA." *Welch*, 604 F.3d at 424-25 ("[O]ne who flees a police officer in a vehicle draws attention to himself, challenges the immediate authority of the police officer and calls

on the officer to give immediate chase . . . the perpetrator takes action to elude capture with his vehicle, action that, by its very nature, endangers others.") The *Welch* court's decision has since been followed by the Seventh Circuit and remains good law. *United States v. Askew*, 384 Fed. Appx. 504, 507 n.4 (7th Cir. 2010) ("[A]ll intentional flights against the command of a police officer are violent felonies, regardless of the manner or effects of fleeing"); *see also United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010) (holding that an "aggravated fleeing conviction" constitutes a "violent felony" under the ACCA). As Mr. Manuel was convicted for an intentional flight from a police officer, the court finds that the petitioner's sentence was not "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Because Rule 4 of the Rules Governing § 2255 proceedings requires this court to summarily dismiss a motion made under Section 2255 if "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court is obliged to dismiss this matter.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present motion. As a consequence, the court must deny a certificate of appealability as to the petitioner's motion.

Accordingly,

**IT IS ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner's motion be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge